UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FREDERICK J. NERONI and TATIANA NERONI,

                         Plaintiffs,                    3:25-cv-00801 (BKS/ML)

v.

DELAWARE COUNTY, et al.,

                         Defendants.

---

**Appearances:**

*Plaintiffs pro se:*
Frederick J. Neroni
Tatiana Neroni
Georgetown, SC 29440

*For Defendants Delaware County, Delaware County Board of Supervisors, Tina Mole, Amy Merklen, Craig Dumond, John Hubbard, Shawn Smith, Richard Northrup, Estate of Sylvia Armanno, Keith Weaver, Tina Moshier, Katherine Taggart, and Wayne Marshfield:*
Frank Miller
Hancock Estabrook LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

*For Defendants Town of Delhi, Maya Boukai, and Dale Downin*
Adam Rodd
Drake, Loeb Law Firm
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553

*For Defendants Village of Delhi, Ian Lamont, Jeffrey Gearhart, Josh Morgan, Michael Mills, Tiffany Crozier, and Justin Baxter:*
Courtney E. Heinel
Earl T. Redding
Roemer Wallens Gold Mineaux LLP
13 Columbia Circle
Albany, NY 12203

*For Defendant Letitia James:*
Letitia James

Attorney General of the State of New York
Timothy P. Mulvey
Assistant Attorney General, of Counsel
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiffs Frederick J. Neroni and Tatiana Neroni brought this action arising primarily from Plaintiffs' ownership of property in Delaware County, New York. (Dkt. No. 2). Although they originally asserted both federal law claims under 42 U.S.C.§ 1983 and state law claims, Plaintiffs amended their complaint to remove all federal law claims. (Dkt. No. 44), and moved to remand the case back to state court. (Dkt. Nos. 46, 47). For the reasons that follow, these motions are granted.

**II.     BACKGROUND**

Plaintiffs filed a Verified Complaint with the Delaware County Supreme Court against Defendants on May 18, 2025. (Dkt. No. 2). Defendants Village of Delhi, Ian Lamont, Jeffrey Gearhart, Josh Morgan, Michael Mills, Tiffany Crozier, and Justin Baxter ("the Village Defendants") removed the case from the Delaware County Supreme Court to the Northern District of New York on June 18, 2025 pursuant to 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction. (Dkt. No. 1). The remaining Defendants, with the exception of Defendant Letitia James, appeared for the purpose of consenting to removal. (*Id*., at 3–5). On July 9, 2025, Plaintiffs filed a motion to remand asserting, inter alia, bad faith removal and arguing that remand was warranted based on several abstention doctrines. (Dkt. No. 25).

All Defendants subsequently moved to dismiss Plaintiffs' complaint. (Dkt Nos. 29, 31, 33, 36). In response, Plaintiffs amended their complaint as of right pursuant to Fed. R. Civ. P.

2

15(a)(1)(B) on August 18, 2025. (Dkt. No. 44). Plaintiffs' amended complaint removed all federal claims. (*Id.*). The same date, Plaintiffs moved to remand the amended complaint to state court on the basis that the Court now lacks subject matter jurisdiction. (Dkt. Nos. 46, 47). All Defendants withdrew their motions to dismiss. (Dkt. No. 51).

On August 29, 2025, the Court issued a text order directing Defendants to "file a response to the pending motions to remand." (Dkt. No. 53). All Defendants, except for Defendant James, responded to Plaintiffs' motion for remand. (Dkt. No. 55; Dkt. No. 56; Dkt. No. 57). The responding parties, who were the parties that removed this case or consented to remove it, concede that "no basis for federal jurisdiction remains, (Dkt. No. 55, ¶ 7; Dkt. No. 56, ¶ 5; Dkt. No. 57, ¶ 5), and none oppose remand, (Dkt. No. 55, at ¶ 7; Dkt. No. 56, at ¶ 5; Dkt. No. 57, ¶ 5). Defendant James filed a cross motion to dismiss the amended complaint because "the causes of action in the Amended Complaint . . . are completely different and bear no relation back to the two claims against Ms. James in the original Complaint." (Dkt. No. 54). The remaining claims against Defendant James are all state law claims. (*See* Dkt. No. 44, ¶¶ 370–425, 469–480).

## III. DISCUSSION

"When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam) (alteration adopted) (quoting 28 U.S.C. § 1447(c)). If a case is removed under 28 U.S.C. §§ 1331 and 1441(a), and "the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26, 30 (2025). "It is

3

well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction . . ." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) and *Liranzano v. United States*, 690 F.3d 78, 84 (2d Cir. 2012)). Here, Plaintiffs eliminated their federal law claims on which the removing Defendants based removal, and Defendants do not assert any alternative basis for this Court's subject-matter jurisdiction. Therefore, the Court remands the action to state court pursuant to 28 U.S.C. § 1447(c). *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994) ("Thus, because [the plaintiff's] complaint does not allege an amount in controversy in excess of [the jurisdictional amount], and [the defendant] failed in its notice of removal to assert any amount in controversy or even raise the issue of diversity jurisdiction, we lack subject matter jurisdiction over the present case.")

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motions to remand (Dkt. Nos. 46, 47), are **GRANTED**; and it is further

**ORDERED** that Plaintiffs' initial motion to remand (Dkt. No. 25) is **DENIED** as moot; and it is further

**ORDERED** that Defendant James' cross motion to dismiss the Amended Complaint (Dkt, No. 54), is **DENIED** as moot; and it is further

**ORDERED** that this action is **REMANDED** to the Supreme Court of the State of New York, under Index No. EF2025 - 447; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this Memorandum-Decision and

5

Order to the clerk of the Supreme Court of the State of New York, Delaware County.

**IT IS SO ORDERED.**

Dated: <u>March 2, 2026</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge